IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETE BANKS, # B-39549 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1124-SMY |
| ) | |
| WARDEN LOVE, ) | |
| DIRECTOR LYNCH, ) | |
| and UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Vienna Correctional Center ("Vienna"). Plaintiff claims that Defendants failed to protect him from an attack by a fellow inmate. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard which refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

On April 8, 2015, while Plaintiff was walking up the stairs in Vienna's Building #19, another prisoner (Edwards) pushed Plaintiff to the ground. Plaintiff's head hit the stairs. The Unknown Defendant Correctional Officer saw this attack (Doc. 1, p. 5). Plaintiff got up and continued back to his bunk. On the way, he confronted Edwards and asked why Edwards had pushed him. Edwards responded by hitting Plaintiff about the head and face, and pushed his head against the wall with sufficient force to knock Plaintiff unconscious. The attack caused Plaintiff to suffer severe headaches, blurred vision, and loss of equilibrium. He attaches numerous pages of his medical records, showing that he was treated and placed under

observation for a possible concussion.

Plaintiff asserts that because Edwards' attack on him "happened while [he was] under the care of the Defendants," they should be liable for this alleged violation of his constitutional rights (Doc. 1, p. 5). He seeks damages from the Illinois Department of Corrections (he names IDOC Director Lynch as a Defendant), Vienna Warden Love, and the Unknown (John Doe) Correctional Officer (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

After fully considering the allegations in Plaintiff's complaint, and liberally construing all facts, the Court concludes that this action is subject to summary dismissal for failure to state a claim upon which relief may be granted. However, out of an abundance of caution, only the complaint shall be dismissed at this time. If Plaintiff still wishes to pursue his claim, he may submit an amended complaint to present all facts that would support an Eighth Amendment failure-to-protect claim. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

## Failure to Protect – Eighth Amendment

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under

conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id*.; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

According to the facts related by Plaintiff in his complaint, the Unknown Correctional Officer was present and observed the first attack on him by inmate Edwards (when he pushed Plaintiff on the stairs). He notes that this officer was "in charge of monitoring the behavior of offenders in Building #19" (Doc. 1, p. 2). Neither his presence or his monitoring responsibility, however, is enough to support a cognizable Eighth Amendment claim against the Unknown Officer.[1] Plaintiff does not indicate that he told the Unknown Officer (or any other prison official) that inmate Edwards had threatened to harm him. Indeed, the facts suggest that this attack on Plaintiff was completely unforeseen.

Further, Plaintiff does not say whether the Unknown Officer was in a position where he could have taken any action to prevent or intervene in this assault. Correctional officers are not required to place themselves in harm's way when attempting to break up a fight between

---

[1] Although Plaintiff invoked the First, Fourth, and Fourteenth Amendments (as well as the Eighth) in support of his claim for violation of his constitutional rights, he does not articulate how any Defendant's act or omission implicates these additional constitutional provisions. Therefore, the Court's analysis is confined to the Eighth Amendment, which protects inmates from being subjected to cruel and unusual punishment, and encompasses claims that prison officials failed to protect an inmate from a known risk of serious harm.

inmates. *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007). Plaintiff's description of this incident indicates that there was no "fight" – but instead, that the unprovoked shove was all that occurred on the stairs. These facts do not demonstrate that the Unknown Officer was aware of a risk to Plaintiff's safety, yet took no steps to protect him. For this reason, the failure-to-protect claim based on Edwards' initial attack on Plaintiff shall be dismissed.

As to the second attack which took place after Plaintiff asked Edwards why he had shoved him, Plaintiff does not say whether the Unknown Correctional Officer or any other official was in a position to observe what happened or to come to Plaintiff's assistance. Plaintiff does not indicate that he had reported the first attack or sought help from any officer before confronting Edwards. The facts set forth in the complaint do not support a claim that any Defendant failed to protect Plaintiff from this second attack, or that any Defendant was even aware of it. As with the earlier incident, the Eighth Amendment is not implicated by this assault, and this portion of Plaintiff's claim is also subject to dismissal.

Nowhere does the complaint suggest that Vienna Warden Defendant Love was present during either attack or that he had any advance knowledge that inmate Edwards posed a threat to Plaintiff. Thus, no constitutional claim is stated against Defendant Love. Furthermore, even if Plaintiff had stated a viable claim against the Unknown Defendant Officer, liability would not extend to Defendant Love merely because he supervises the Unknown Officer. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Instead, a Defendant may only be liable in a civil rights action if s/he was "personally responsible for the deprivation of a constitutional right." *Id.*

Finally, Plaintiff cannot maintain a suit for damages against the Illinois Department of

Corrections or its Director, Defendant Lynch. The IDOC is an agency of the Illinois state government. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same).

According to the complaint, Defendant Lynch was not personally involved in any of the events underlying Plaintiff's claim. Defendant Lynch and IDOC are included only because they are "responsible for the health and welfare, for offenders sentence[d] to prison in Illinois" (Doc. 1, p. 2). This may be true, but it is not sufficient to support liability in a civil rights case. Therefore, Defendant Lynch (and by implication, the Illinois Department of Corrections) shall be dismissed from the action with prejudice.

## Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 2).[2] The fact that Plaintiff must prepare an amended complaint in order to proceed with this action raises the question of whether Plaintiff is capable of drafting a viable complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–

---

[2] The second page of Plaintiff's motion for counsel was erroneously filed as part of his motion for leave to proceed *in forma pauperis* (See Doc. 3, p. 2); both pages of the motion shall be considered regardless of the error.

67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

In his motion, Plaintiff claims that he "attempted to contact" three law firms "without success," and that he cannot afford a lawyer (Doc. 2, p. 1). He does not attach any copies of correspondence to or from the firms he lists. However, taking Plaintiff at his word, it appears that he has made some reasonable attempt to find representation on his own.

Turning to the second step of the inquiry, Plaintiff states that he is a high school graduate. He indicates that he is not able to represent himself because he cannot speak, write, and/or read English very well, but he includes no further explanation (Doc. 3, p. 2). The Court observes that Plaintiff's handwritten documents are legible, well organized, and that he appears to be capable of setting forth the facts that gave rise to his complaint. There is no indication that Plaintiff is unable to prepare an amended complaint on his own.

At this juncture, the Court is merely concerned with whether this action can get out of the

gate, so to speak, and all that is required is for Plaintiff to include all the facts underlying his claims, in order for the Court to determine whether an Eighth Amendment violation may have occurred.  Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper.   Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 2) is **DENIED** without prejudice.  The Court will remain open to appointing counsel if the case progresses beyond the threshold stage.

The motion for service of process at government expense (Doc. 4) shall be **HELD IN ABEYANCE** pending the receipt of Plaintiff's amended complaint, should he file one.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **LYNCH (Director of the Illinois Department of Corrections)** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before February 8, 2016).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 15-cv-1124-SMY.  For each Defendant, Plaintiff shall describe the actions (or omissions) alleged to have been taken by that Defendant, which demonstrate a failure to protect Plaintiff from Edwards' assault(s), in violation of the Eighth Amendment.  Plaintiff shall not include IDOC Director Lynch, or the IDOC, as Defendants in the First Amended Complaint.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include all the relevant facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any

material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). In other words, Plaintiff must "start from scratch" as he drafts the amended complaint. The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such a dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ STACI M. YANDLE
United States District Judge
