IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETE BANKS, # B-39549       ) | |
|                             ) | |
|            Plaintiff,      ) | |
|                             ) | |
|   vs.                    ) | Case No. 15-cv-1124-SMY |
|                             ) | |
| WARDEN LOVE,                ) | |
| and UNKNOWN PARTY           ) | |
| (C/O PLUMMBER),             ) | |
|                             ) | |
|            Defendants.     ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint (Doc. 18). The amended complaint was filed on March 15, 2016, at the direction of the Court, following the dismissal of the original complaint (Doc. 1) for failure to state a claim upon which relief may be granted. When the original pleading was dismissed, Plaintiff was warned that if he either failed to submit an amended complaint, or if his amended complaint failed to state a claim, this case would be dismissed with prejudice and he would be assessed a "strike" pursuant to 28 U.S.C. § 1915(g) (Doc. 9).

The First Amended Complaint contains no statement of claim. The Court entered an order on March 18, 2016, informing Plaintiff that his pleading was incomplete, and instructing him to re-file his complete amended complaint, including a statement of claim, in 14 days (Doc. 20). That deadline has now come and gone. Plaintiff has not re-submitted his amended complaint, and the Court has received no further communication from him. Thus, the Court must consider the merits of the First Amended Complaint in its present incomplete form.

### **The First Amended Complaint (Doc. 18)**

Plaintiff names two Defendants – Vienna Correctional Center Warden Love, and Officer Plummber.  Nowhere in the amended complaint does Plaintiff describe what either of these officials did or indicate how they allegedly violated his civil rights.  The only factual information in the document is contained in a copy of a grievance filed by Plaintiff, which describes the April 8, 2015, incident when Plaintiff was the victim of an apparently unprovoked attack by another Vienna inmate (Doc. 1, pp. 6-7).  In the grievance, Plaintiff states that there was only one correctional officer per wing to supervise over 100 inmates, and this person failed to protect him from the "younger more violent offender" who attacked him (Doc. 1, p. 7).  Although the grievance does not identify the officer by name, it appears that this individual was Defendant Plummber.

### **Merits Review Pursuant to 28 U.S.C. § 1915A**

In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As explained in the order dismissing the original complaint, a prison official cannot be held liable for failure to protect a plaintiff from attack by another inmate unless the official knew that the plaintiff was in danger of attack yet failed to act to mitigate the danger.

As to Defendant Warden Love, the amended complaint includes no facts to indicate he had any involvement or knowledge of the attack or the events preceding it.  Accordingly, the amended complaint states no claim against Defendant Love.

Liberally construing the amended complaint to assume that Defendant Plummber was the correctional officer in charge of the housing wing at the time Plaintiff was attacked, Plaintiff likewise fails to state a viable claim against this Defendant. The mere fact that Defendant Plummber was on duty at the time of the attack is not sufficient to hold him liable for a failure to protect Plaintiff. Instead, Defendant Plummber must have been made aware that Plaintiff was in danger of harm from that inmate, before the assault occurred. The facts included in the attached grievance do not show that Plaintiff asked for protection from the inmate, or that Defendant Plummber was otherwise informed that Plaintiff was in danger. Instead, it appears that Plaintiff was the victim of a random, unforeseen assault. A prison official cannot be held liable under these circumstances. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Plummber.

## Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Defendants **LOVE** and **PLUMMBER** are **DISMISSED** from this action with prejudice. All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the

$505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

s/ STACI M. YANDLE  
United States District Judge